# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3952

_____

Bernard Gerstner, Jr.; Dale Sprague;    *
Ronald Cornelius,    *
   *
       Plaintiffs - Appellants,    *
   *   Appeal from the United States
     v.    *   District Court for the
   *   Western District of Missouri.
Sebig, LLC; Arlo W. Erickson,    *
In his individual capacity only;    *   [UNPUBLISHED]
Donald Roberts, In his individual    *
capacity only; B. A. Schawinsky,    *
In his individual capacity only; Pat    *
Stewart, In her individual capacity only, *
   *
       Defendants - Appellees.    *

_____

Submitted: June 18, 2010
Filed: July 16, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this civil action alleging securities violations, Bernard Gerstner, Dale Sprague, and Ronald Cornelius (collectively, "appellants") appeal the district court's order denying the removal of opposing counsel and dismissing their complaint. We affirm except as to appellants' claim for the sale of unregistered securities. We

reverse the dismissal of this claim and remand it to the district court for proceedings consistent with this opinion.

I.

Appellants are minority owners of Sebig, LLC ("Sebig"). They filed this action pro se against Sebig and its majority owners—Arlo W. Erickson, Donald Roberts, B. A. Schawinsky, and Pat Stewart (collectively, "appellees"). Appellants allege six counts, consisting of the following: (1) "violation of 15 U.S.C. § 77(e)a: Sale of unregistered securities and 15 U.S.C. § 78o(a)(1); Acting as an unregistered broker-dealer"; (2) "civil and criminal acts concerning the misrepresentation, breach of contract and fraud involving the initial planning, organization, administration and operation of Sebig," in violation of 15 U.S.C. §§ 78(b) and 77(a); (3) appellees "used various fraudulent devices and schemes in the offer and sale of the securities of Sebig"; (4) appellees "unlawfully used and employed a means or instrumentality of interstate commerce in connection with the offer and sale of said securities"; (5) appellees "acted with scienter or knowledge of their deceptive acts"; and (6) appellees "totally mismanaged and were incompetent in the control, administration and operation of [Sebig]." (Compl. ¶¶ 17-22.)

Appellees moved to dismiss the complaint, arguing that all of the claims failed to comply with the notice pleading requirement embodied in Rule 8(a) of the Federal Rules of Civil Procedure. Appellants then filed a motion requesting that the district court remove appellees' counsel based on an alleged conflict of interest. In resolving appellees' motion to dismiss the complaint, the court "[l]iberally construed" the complaint to allege "four counts [of] federal securities violations and one count alleging that the Individual Defendants mismanaged [Sebig] in violation of state law." Gerstner v. Sebig, LLC, No. 09-6088-CV-SJ-ODS, 2009 WL 4728992, at *2 (W.D. Mo. Dec. 4, 2009) (unpublished). In the district court's December 4, 2009, order, the court (1) denied appellants' motion to remove opposing counsel, concluding that

appellants had failed to demonstrate a disqualifying conflict of interest on the part of appellees' counsel, and (2) granted appellees' motion to dismiss the complaint.

Appellants contend that the district court erred in: (1) denying their motion to remove counsel, (2) refusing to liberally construe their pro se complaint, and (3) finding that their factual allegations were insufficient.

First, we conclude that the district court did not abuse its discretion in denying appellants' motion to disqualify appellees' counsel based on a purported conflict of interest arising from prior representation of appellees' counsel's law firm. See United States v. Poe, 428 F.3d 1119, 1123 n.3 (8th Cir. 2005); see also Macheca Transp. Co. v. Philadelphia Indem. Ins. Co., 463 F.3d 827, 833 (8th Cir. 2006) ("Because of the potential for abuse by opposing counsel, disqualification motions should be subjected to particularly strict scrutiny." (quotations omitted)). However, in order for prior representation to warrant disqualification, among other things, "the present litigation [must] involve[] a matter that is *substantially related* to the subject of the . . . prior representation." United States v. LaVallee, 439 F.3d 670, 681 (10th Cir. 2006) (quotation omitted) (emphasis added). Appellants do not allege that this case is, in any way, related to the law firm's prior representation of any client. Therefore, the district court did not abuse its discretion in denying appellants' motion to disqualify.

We consider appellants' second and third arguments on appeal together—that the district court did not construe their pro se complaint liberally, as required, and that their claims were improperly dismissed as factually insufficient. We review "de novo the grant of a motion to dismiss, taking all facts alleged in the complaint as true." Owen v. Gen. Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Under this standard "a complaint need not include detailed factual

allegations," C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347, 591 F.3d 624, 629 (8th Cir. 2010); however, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[,]" Twombly, 550 U.S. at 555 (quotation omitted).

"In reviewing the dismissal of a pro se complaint, we hold the district court to the requirement of liberal construction . . . ." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). Specifically, "a pro se complaint must be liberally construed, and 'pro se litigants are held to a lesser pleading standard than other parties.'" Whitson v. Stone County Jail, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (citation omitted) (quoting Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008)). However, this standard does not excuse pro se complaints from "alleg[ing] sufficient facts to support the claims advanced." Stone, 364 F.3d at 914; see Frey v. City of Herculaneum, 44 F.3d 667, 672 (8th Cir. 1995) (holding that pro se complaint fell "short of meeting even the liberal standard for notice pleading" where it was "entirely conclusory" and gave "no idea what acts the individual defendants were accused of that could result in liability").

Here, the district court expressly acknowledged the pro se pleading standard and correctly applied it with respect to the balance of appellants' claims. However, we agree with appellants that the district court improperly dismissed the first federal securities claim, alleging that appellees sold unregistered securities in violation of 15 U.S.C. § 77e(a). Section 77e(a), entitled "Sale or delivery after sale of unregistered securities," provides:

> Unless a registration statement is in effect as to a security, it shall be unlawful for any person, directly or indirectly--
>
> > (1) to make use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such

security through the use or medium of any prospectus or otherwise; or

(2) to carry or cause to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale.

15 U.S.C. § 77e(a); see 15 U.S.C. § 77o(a)(1) (providing a private cause of action for violation of § 77e(a)).

We disagree with the district court's determination that the appellants did not sufficiently allege the interstate commerce element of their unregistered securities claim. As relevant, the complaint provided the following facts:

The securities offering and sale of [Sebig] was accomplished by violations due to public advertising, obtaining investors outside the State of Missouri and the offerings were made to a number of persons greatly exceeding thirty-five (35). . . . It is common knowledge between the parties of this case that an initial offering was made to at least fifty potential investors in St. Joseph, Missouri. Also, at least five (5) investors reside and are domiciled outside of the State of Missouri. In addition, public advertising was accomplished on several occasions known to the [appellees].

(Compl. ¶¶ 14-15.) Although these allegations are certainly sparse, we conclude, in light of the pro se nature of the complaint, they are sufficient as they provide "factual enhancement" beyond mere "labels and conclusions" or "naked assertion[s]." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 557) (alteration in original). Interstate advertising is evidence that a transaction possesses an "interstate commercial aspect." Diversified Brokerage Servs., Inc. v. Greater Des Moines Bd. of Realtors, 521 F.2d 1343, 1346-47 (8th Cir. 1975). Even though the complaint only alleges that the appellants engaged in public advertising, given that it is a pro se complaint and in light of the factual allegation that the advertising yielded out-of-state

investors, we construe the complaint to allege that appellants marketed unregistered securities through interstate advertising. Because the appellants have plausibly pled the interstate commerce element of their unregistered securities claim, the district court erred in dismissing the claim.

Accordingly, we (1) affirm the district court's denial of the motion to remove appellees' counsel and the dismissal of all claims except the unregistered securities claim, and (2) reverse the dismissal of the unregistered securities claim and remand it to the district court for proceedings consistent with this opinion.

_____